IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DEWAYNE JAMES, §<br>　#53652-177, §<br>　　　　MOVANT, §<br>　§<br>v. §<br>　§<br>　§<br>UNITED STATES OF AMERICA, §<br>　　　　RESPONDENT. § | | CIVIL CASE NO. 3:22-CV-2087-N-BK<br>(CRIMINAL NO. 3:15-CR-501-N-3) |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Christopher Dewayne James' *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed here, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

**I.   BACKGROUND**

In 2016, James pleaded guilty to interference with commerce by robbery (Counts 1-4) and discharging a firearm during and in relation to a crime of violence (Count 5), and received an aggregate sentence of 220 months' imprisonment—100 months for each Hobbs Act robbery count, to be served concurrently, and a consecutive 120-month term for the firearm count.  Crim.

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Doc. 92 at 1-2.[2] On October 24, 2017, James' direct appeal was dismissed as frivolous. Crim. Doc. 117.

On September 19, 2022, James filed the instant § 2255 motion with brief in support. Doc. 2; Doc. 3. In response to a deficiency order, he amended his § 2255 motion and brief and alleges two grounds for relief: (1) lack of territorial jurisdiction over his Hobbs Act robberies, and (2) that Hobbs Act robbery is not a crime violence under 18 U.S.C. § 924(c)'s elements clause and thus cannot support his firearm conviction. Doc. 6; Doc. 7. As the motion appeared untimely, the Court directed James to respond regarding the application of the one-year limitations period, which he has now done. Doc. 8; Doc. 9.

After a review of the relevant pleadings and law, the Court concludes that James' claims are time barred and also lack merit.

## II. ANALYSIS

### A. James' § 2255 Motion Is Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). James does not allege any facts that could trigger a starting date under § 2255(f)(2)-(4).[3] So the limitations period began to run when his judgment of conviction became final. *See* § 2255(f)(1).

---

[2] All "Crim. Doc." citations refer to the related criminal case, *United States v. James*, No. 3:15-CR-501-N-3 (N.D. Tex. Sep. 28, 2016).

[3] As noted, James relies on want of jurisdiction and the 2022 *Taylor* opinion. Both arguments lack merit, however. Thus, his presumed reliance on § 2255(f)(3) and lack of jurisdiction (which he argues can be raised any time) likewise fail. Doc. 6 at 11; Doc. 9, *passim*. Moreover, "[j]urisdictional claims are subject to the one-year limitations period for § 2255 claims." *United States v. Scruggs*, 691 F.3d 660, 666 & n. 13 (5th Cir. 2012) (collecting cases).

James' direct appeal was dismissed on October 24, 2017, and he did not petition for a writ of certiorari. Crim. Doc. 117. His judgment of conviction thus became final on January 22, 2018—when the time to file a certiorari petition expired 90 days later. See Clay v. United States, 537 U.S. 522, 527 (2003). Thus, under § 2255(f)(1), James had one year, or until January 22, 2019, to file a timely § 2255 motion. His § 2255 motion, however, is not considered filed until September 8, 2022, when he certifies placing it in the prison mailbox. Doc. 2 at 12. See Rule 3(d) of the Section 2255 Rules (applying the "mailbox rule" to inmates who use the jail/prison's mail system). Therefore, James' § 2255 motion is time barred absent equitable tolling.

A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (cleaned up, citations omitted). But equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." United States v. Wheaten, 826 F.3d 843, 851 (5th Cir. 2016).

James' arguments in favor of equitable tolling are conclusory and unpersuasive on several fronts. First, he did not pursue "the process with diligence and alacrity[.]" Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, James squandered the entire one-year period for filing his § 2255 motion. Markedly, he waited more than four and one-half years from the date his conviction became final to mail his § 2255 motion. And James does not allege that he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights. See Sutton v. Cain, 722 F.3d 312, 317 (5th Cir. 2013).

Second, contrary to his assertions, the Court of Appeals for the Fifth Circuit provided James an opportunity to respond to his counsel's *Anders* brief and he seemingly ignored that

chance. Doc. 7 at 2-4; Crim. Doc. 117 (dismissing appeal as frivolous and noting James did not respond to *Anders* brief). In his motion to appoint new counsel, filed November 6, 2017, James also conceded that he was aware of his counsel's *Anders* brief and the Fifth Circuit's decision to dismiss the appeal. *See* Appeal docket, *United States v. James*, No. 16-11491 (5th Cir. Oct. 14, 2017).

Third, James contends generally that his appellate counsel did not advise him of the availability of collateral proceedings and the time limits for seeking certiorari review or filing a timely § 2255 motion. Doc. 7 at 2-4. But a habeas petitioner does not have the right to counsel during post-conviction proceedings. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) ("[I]neffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." (citing *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002))). The Sixth Amendment also does not require counsel to inform a defendant of the availability of collateral relief or any bar for seeking such relief. *See United States v. Morfin*, No. 3-06-CV-2301-M-AH, 2007 WL 837276, *3 (N.D. Tex. 2007) (accepting recommendation declining to apply equitable tolling).

Fourth, if James seeks equitable tolling because he was initially in state custody and allegedly lost legal materials and research, his claim is unavailing. Doc. 6 at 9; Doc. 7 at 4-5. It is well established that "28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future." *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971). *Id.* Consequently, James' "'prior state custody ha[d] no effect on the commencement date of the federal statute of limitations.'" *Sanchez v. United States*, No. 3:19-CV-2226-N-BK, 2020 WL 5996436, at *2 (N.D. Tex. Aug. 3, 2020) (citations omitted), *R. & R. adopted*, 2020 WL 5993853 (N.D. Tex. Oct. 9, 2020). And apart from his conclusory assertions,

James provides no reasons why he could not have filed a § 2255 motion from state prison.

Based on the foregoing, the Court cannot find that extraordinary circumstances prevented James from timely filing his § 2255 motion. His extended periods of inactivity indicate a lack of due diligence and his unexplained delays show neither due diligence nor rare and extraordinary circumstances. See *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("'[E]quity is not intended for those who sleep on their rights.'" (citations omitted)). Further, neither James' *pro se* status nor his unfamiliarity with the law rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. See *Petty*, 530 F.3d at 365-66.

Accordingly, James has not carried his burden of establishing that equitable tolling is warranted in this case. *Id.* at 365. James' § 2255 motion should thus be dismissed.

Even if not time barred, James' claims nevertheless fail on the merits.

### B. Territorial Jurisdiction Claim Lacks Merit

James argues the Government lacked jurisdiction over his robbery and firearm offenses because they are intrastate offenses, having occurred in Texas and, thus, the Commerce Clause does not confer jurisdiction. Doc. 7 at 6-7. However, his suggestion that the interstate commerce nexus is limited to the situs of the crime is illogical and wholly lacks legal support.

The Hobbs Act proscribes robberies that affect interstate commerce "in any way or degree." 18 U.S.C. § 1951(a). As the Supreme Court noted, "[t]he Act defines 'commerce' broadly as interstate commerce 'and all other commerce over which the United States has jurisdiction.'" *Taylor v. United States*, 579 U.S. 301, 302 (2016) (quoting 18 U.S.C. § 1951(b)(3)). Additionally, the Fifth Circuit Court of Appeals has long rejected the "argument that after [*United States v. Lopez*, 514 U.S. 549, 559 (1995)], convictions under the Hobbs Act are unconstitutional unless the government proved that the defendant's conduct 'substantially

affected' interstate commerce." *United States v. Jennings*, 195 F.3d 795, 800 (5th Cir. 1999) (citing *United States v. Robinson*, 119 F.3d 1205, 1208 (5th Cir. 1997)); *see also United States v. Hebert*, 131 F.3d 514, 523 (5th Cir. 1997) ("[A]rgument that the Hobbs Act must be interpreted to require a substantial, rather than *de minimis*, effect on commerce . . . is foreclosed by *Robinson* and subsequent cases.").

Indeed, the Hobbs Act applies whenever the offense has at least a minimal effect on interstate commerce. *Robinson*, 119 F.3d at 1208. Proof of a *de minimis* nexus to interstate commerce suffices if the offense is of a type that, repeated many times over, would have a "substantial effect" on interstate commerce. *Id.* Individual local crimes, with a slight effect on interstate commerce, may be prosecuted under the Hobbs Act if "the defendant's conduct is of a general type which, viewed in the aggregate, affects interstate commerce substantially." *Id.*

James stipulated in the factual resume that each of his offenses had the necessary effect on interstate commerce. Crim. Doc. 59 at 3, 4, 6, 8 (confirming that his "conduct affected interstate commerce," including "the movement of articles and commodities in commerce"). Under binding Fifth Circuit precedent, these facts suffice to conclude that each of his robberies had the necessary effect on interstate commerce. As a result, there is no merit to James' territorial jurisdiction and commerce-clause challenge.

### C. The § 924(c) Claim Likewise Fails

Next, James argues that Hobbs Act robbery and aiding and abetting Hobbs Act robbery do not qualify as predicate crimes of violence under 18 U.S.C. § 924(c). He relies on *United States v. Taylor*, ––– U.S. –––, 142 S. Ct. 2015, 2021 (2022), which held that *attempted* Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c)(3)(A). *Taylor* has no application to James' case, however, as he was *not* convicted of attempted Hobbs

Act robbery. Instead his firearm conviction was based on aiding and abetting a substantive Hobbs Act robbery, as confirmed in the Presentence Report (PSR), and Count 5 of the indictment. Crim. Doc. 83-1 at 15, PSR ¶ 81 ("On August 23, 2015, the defendant and Howard aiding and abetting one another, used, carried and brandished, and discharged a firearm during and in relation to a crime of violence[.]"); Crim. Doc. 33 at 6 (referencing in Count 5, the August 23, 2015 substantive robbery, in Count 4).

Moreover, binding Fifth Circuit precedent forecloses James' argument. The Court of Appeals recently restated that "Hobbs Act robbery is a crime of violence under the elements clause." *United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023). The Court also found that aiding and abetting Hobbs Act robbery, as here, is a crime of violence under the elements clause. *Id.* at 363 ("[W]e conclude that the substantive equivalence of aiding and abetting liability with principal liability means that aiding and abetting Hobbs Act robbery is, like Hobbs Act robbery itself, a crime of violence."). Consequently, James' § 924(c) challenge has no merit.

### D. CONCLUSION

For all these reasons, James' motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as meritless and barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on July 18, 2023.

*/s/ Renee Harris Toliver*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).